Van Voorhis, J.
Plaintiff purchased real property from the three defendants, in which each had a one-third undivided interest, and gave the defendants a purchase-money mortgage as part of the consideration. In this action plaintiff sought cancellation of the mortgage alleging that defendant Biker, as the agent and partner of the other two defendants, has accepted $37,500 in satisfaction of the mortgage and the defendants had refused to deliver a satisfaction of mortgage although he had made various demands therefor. It appears that Biker did give plaintiff a satisfaction of his one-third interest. Defendants Emil and Slifka counterclaimed for foreclosure of the mortgage alleging defaults in making payments.
Special Term held that the plaintiff was bound by a covenant in the mortgage note and a letter of even date signed by all the defendants directing him to make all payments to defendant Emil until otherwise notified. The Appellate Division, affirming, held that plaintiff made the alleged payments to defendant Biker at his own peril, the defendants-respondents not having directly or indirectly induced the, alleged payments to Biker.
Justice Steueb dissented being of the opinion that an issue of fact was presented as to whether Biker acted as agent for the defendants-respondents.
The plaintiff argues that there are questions of fact as to whether there was a partnership between the defendants or whether Biker was the agent of the defendants Emil and Slifka; that he should have been allowed to examine the defendants- *496 respondents before trial and that the defendants’ motion for summary judgment should have been denied.
Briefly stated, except for the written direction in the letter signed by defendants for the making of payments on account of the mortgage to Allan D. Emil, there would be little doubt that Rilcer or his corporation acted for the other two defendants in receiving payment of this $37,500 in satisfaction of the mortgage. Biker & Co., Inc. had been agents for the owners since 1961, Biker individually was the owner of an undivided one-third interest in the subject property, Biker or his corporation managed the property for the other two defendants making leases and collecting rents, neither of the other defendants ever met the plaintiff or transacted any of the business connected with his purchase, of the property or otherwise, and everything connected with its sale and management was entrusted by them to Biker and his corporation to transact in their behalfs. Biker & Co., Inc. by Biker as president even executed an indemnity letter to plaintiff at the time of the closing of title acting on behalf of all three of the sellers of the premises, who became the owners in common of this purchase-money mortgage.
The dissenting opinion at the Appellate Division states: “ None of the above facts, at least for the purposes of this motion, is in dispute. On them plaintiff contends that Biker, in negotiating the transaction for discount of the mortgage and receiving the consideration therefor, was the agent of his associates. In support thereof he submits Biker’s sworn testimony that he was acting for them as well as himself. In addition there is the undisputed fact that in all prior negotiations, and the sale resulting therefrom, he did act for them and was so authorized. It is quite true that Biker’s sworn statement is largely eonclusory in form and on a trial would for that reason be entitled to little credit. However, the court at this state of the proceedings is not required to decide whether or not Biker either had actual or apparent authority to act for defendants-respondents. Our sole duty, as well as the limit of our competence, is to determine whether a bona fide issue is presented on this question (Falk v. Goodman, 7 N Y 2d 87). It would appear that such an issue has been raised. ’ ’
Ordinarily, to be sure, Biker’s eonclusory statement “ that he was acting for them as well as himself ’ ’ would not be sufficient *497 on which to deny summary judgment. Here, however, knowledge of the facts constituting Biker’s relationship to his codefendants (i.e., whether he had authority from his codefendants to represent them in the receipt of this money in assumed payment of the mortgage) is peculiarly in the possession of the defendants themselves. “We have held that summary judgment is not justified where there are likely to be defenses that depend upon knowledge in the possession of the party moving for judgment, which might well be disclosed by cross-examination or examination before trial (Kamen v. Metropolitan Life Ins. Co., 6 A D 2d 406, affd. 6 N Y 2d 737; Suslensky v. Metropolitan Life Ins. Co., 180 Misc. 624, affd. 267 App. Div. 812; West Virginia Pulp & Paper Co. v. Merchants Mut. Ins. Co., 10 A D 2d 451; 5 Carmody-Wait, New York Practice, p. 145).” (Procter & Gamble Distr. Co. v. Lawrence Amer. Field Warehousing Corp., 16 N Y 2d 344, 362.)
Moreover, it does appear in the record which is now before us from the deposition of the plaintiff that, after he bought the property and gave the purchase-money mortgage in suit, Biker or his corporation collected the rents from the building as plaintiff’s agent and that from the rents so collected by Biker or the corporation there was paid to or for the account of the defendants interest on the mortgage which a trial may disclose they accepted notwithstanding their previous letter to plaintiff to make all payments on account of the mortgage to Allan D. Emil.
Biker and his codefendants have been associated for many years, and they did put Biker in a position where he was enabled to appropriate this money which was apparently paid to him by plaintiff in good faith. We consider that there is sufficient here to present a triable issue and to result in the denial of the defendants’ motion for summary judgment dismissing the complaint.
The order appealed from should be reversed and defendants’ motion for summary judgment denied, with costs in all courts.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating and Breitel concur.
Order reversed, with costs in all courts, and matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.