TRANSWAY FINANCE COMPANY, INC., Great Dane Miami, Inc., and Great Dane Trailer Sales, Inc., Plaintiffs,

v.

Simon GERSHON, BVI Insurance Company, International Guaranty Insurance Co., Ltd., and Universal Risk Associates, Defendants.

No. 81 Civ. 0968.

United States District Court, E. D. New York.

Jan. 8, 1982.

Wolf, Haldenstein, Adler, Freeman & Herz, New York City, for plaintiffs.

Weiss, Molod, Berkowitz & Godsky, New York City, for defendants.

McLAUGHLIN, District Judge.

This motion involves the limited question whether summary judgment may be granted when the central issue in the controversy turns on the credibility of the moving party.

The action concerns the alleged theft of a trailer and a claim brought under an insurance policy that protected the owner of the trailer against loss by theft. I hold that summary judgment is inappropriate because the determination of whether the trailer was stolen depends almost entirely on the credibility and demeanor of the moving parties. Accordingly, both the plaintiffs' motion and defendant Gershon's cross-motions for summary judgment against BVI Insurance Company and International Insurance Company ("Insurance Companies") are denied.

## I. THE FACTS

The undisputed facts of this controversy are as follows. Defendant, Simon Gershon, purchased a trailer from the plaintiff, Great Dane Trailers on July 13, 1979. This purchase was made pursuant to a retail installment contract and chattel mortgage under which defendant Gershon agreed to pay plaintiff Transway Finance Company

("Transway") the sum of $30,677.36 in 48 installments. As part of this contract defendant Gershon was required to obtain insurance protection for the plaintiffs against the possible theft of the trailer. On April 10, 1980, the defendant Insurance Companies issued the required policy, naming both Great Dane Trailers and Transway as loss payees. The insurance coverage was originally for $20,000, but this was increased to $27,000 on May 16, 1980.

In May, 1980, defendant Gershon began leasing the trailer to I and J Trucking Company ("I&J"). By an endorsement effective June 5, 1980, defendant Gershon amended the coverage of the insurance policy to include Mr. Joshua Sabo, an employee of I&J, as a named driver of the tractor-trailer. The next day the trailer disappeared, and the defendant Gershon alleges that it was stolen while in the possession of I&J. To prove the theft, defendant Gershon submitted his affidavit along with affidavits from both Israel and Joshua Sabo, the president and the alleged driver of the trailer, respectively.

The affidavit of Israel Sabo states that on June 6, 1980, Joshua Sabo, his brother, drove the trailer out of I&J's garage in Brooklyn, New York, to make a delivery in New Jersey. Joshua Sabo in his affidavit states that he completed his delivery at 11:30 A.M., and entered a Holiday Inn parking lot located in North Bergen, New Jersey. He swears that he had the keys to the tractor-trailer in his pocket while eating lunch in a diner adjacent to the Holiday Inn, and that when he finished lunch at about 1:00 P.M., Joshua Sabo "returned to the parking lot and discovered that the tractor-trailer had been stolen." The alleged theft was reported to the North Bergen Police Department, shortly thereafter.

Upon the argument of the motion for summary judgment, the Insurance Companies most vigorously asserted that the circumstances surrounding the alleged theft lie exclusively within the knowledge of defendant Gershon and the Sabo brothers. The Insurance Companies further suggest that the close friendship among the Sabos

and Gershon, the "fortuitous" increase in the insurance policy's limitation of liability, Gershon's admittedly severe financial problems, the modification of the named driver endorsement, and the lack of verification concerning the location of the trailer at the time of the alleged theft raise questions as to whether the claim is simply a scheme to defraud the defendant Insurance Companies. Because of the fundamental credibility question, the defendant Insurance Companies contend that a fair determination of this controversy requires the trier of fact to assess the credibility and demeanor of those individuals. I am constrained to agree.

## II. THE LAW

Rule 56(e) of the Federal Rules of Civil Procedure requires that a party opposing a motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." The defendant Insurance Companies have satisfied that burden. The credibility of the affiants raises a material issue that can only be resolved by a trial. *Painton & Company v. Bourns, Inc.*, 442 F.2d 216, 223 (2d Cir. 1971); *Cross v. United States*, 336 F.2d 431, 433 (2d Cir. 1964); *Chemical Bank v. Hartford Insurance Company*, 82 F.R.D. 376, 378 (S.D.N.Y. 1979). Indeed, the credibility of both Joshua and Israel Sabo as well as the credibility of Gershon are the only real issues in the case.

The inappropriateness of granting summary judgment in this matter is underscored by the fact that knowledge of the facts surrounding the alleged theft lies exclusively within the province of defendant Gershon and the Sabos. *Colby v. Klune*, 178 F.2d 872, 874 (2d Cir. 1949). As the New York Court of Appeals has reminded us, "summary judgment is not justified where there are likely to be defenses that depend upon knowledge in the possession of the party moving for judgment, which might well be disclosed by cross-examination or examination before trial...." *Terranova v. Emil*, 20 N.Y.2d 493, 497, 285 N.Y.S.2d 51, 231 N.E.2d 753 (1967).

Summary judgment is particularly inappropriate when the disputed facts may

be colored by the motivations of interested witnesses. *Cross, supra* at 433; *Chemical Bank, supra* at 378; Moore's Federal Practice, § 56.15[4] at 56–526. These issues may be resolved much more effectively by affording the trier of the facts the opportunity to observe the witness' demeanor particularly under cross-examination. *Id.* Although the defendant Insurance Companies did depose defendant Gershon (and presumably had the opportunity to depose the Sabos), this Circuit has determined that the "right to use depositions for discovery ... does not mean that they are to supplant the right to call and examine the adverse part[ies] ... before the [trier of fact] .... [W]e cannot very well overestimate the importance of having the witness examined and cross-examined in the presence of the [trier of fact]." *Cross, supra* at 434 *quoting Arnstein v. Porter*, 154 F.2d 464, 470 (2d Cir. 1946).

The credibility of defendant Gershon and Joshua and Israel Sabo present material issues that need to be resolved at trial. Consequently, the plaintiffs' motion and defendant Gershon's cross-motion for summary judgment are denied.

SO ORDERED.