■ GEORGE SIMPSON, Plaintiff, v TERM INDUSTRIES, INC., et al., Defendants. TERM INDUSTRIES, INC., Third-Party Plaintiff-Appellant, v CARRIAGE HOUSE MOTOR CARS, LTD., Third-Party Defendant and Fourth-Party Plaintiff-Appellant; TRAVELERS INSURANCE COMPANY et al., Fourth-Party Defendants-Respondents, et al., Fourth-Party Defendants.—Order, Supreme Court, New York County (Eugene R. Wolin, J.), entered December 18, 1985, granting the motion and cross motion by fourth-party defendants Travelers Insurance Company (Travelers) and the New Rochelle Police Department (Police Department) for summary judgment dismissing the fourth-party complaint, and denying the cross motion by third-party plaintiff Term Industries, Inc. (Term) for leave to serve an amended third-party complaint, unanimously reversed, on the law, Travelers' motion and the Police Department's cross motion for summary judgment denied, the fourth-party complaint reinstated, and Term's cross motion for leave to serve an amended third-party complaint in the form annexed to the cross-moving papers granted, without costs or disbursements.

The principal issue in this action concerns two conflicting claims of title to a 1960 Rolls Royce Silver Cloud automobile, bearing vehicle identification No. SXC 121. On September 23, 1979, George Simpson was operating the Rolls Royce and was stopped by a New Rochelle police officer because one of the vehicle's headlights was not operating. When Simpson, who had a suspended driver's license, could not produce the vehicle's registration or insurance card, a file check revealed that Simpson was the registered owner, but the vehicle bore a vehicle identification number for a car which had been reported as stolen to the Boston Police Department on June 28, 1975, more than four years earlier. Simpson was arrested and the vehicle impounded.

It appears that Simpson had leased the car from Term, which purchased the vehicle in 1978 from Carriage House Motor Cars, Ltd. It, in turn, had previously acquired the automobile from Wolf and Carisma Autos, Inc., which purchased the car from Steven Arnold, who lives in Canada and had imported the car from England to Montreal on either June 8, 1975 or August 6, 1975.

In contrast to the title relied upon by Term, Travelers claimed a superior title by reason of the insurer having paid $10,950 on August 7, 1975, to its insured, Richard Thomas,

who, on June 28, 1975, reported the vehicle as having been stolen. Travelers had issued an insurance policy to Thomas on June 4, 1975 and alleged that its insured originally purchased the car on April 23, 1975 from one Ray Lilley, in England.

In considering the motion and cross motion for summary judgment, Special Term concluded that the documents submitted reflected two claims of title—that relied upon by Term, which traced its title to Arnold and that of Travelers through Thomas, which was earlier in time. Thus, it granted Travelers summary judgment, holding that the insurer's claim to title predated that relied upon by Term and, therefore, was superior. We disagree.

The record is replete with factual inconsistencies which, in our view, cannot be finally resolved on the conflicting affidavits and proof adduced on the motions. In the first place, in seeking summary judgment, both Travelers and the Police Department relied principally upon affidavits and affirmations of attorneys, without requisite knowledge of the facts and, therefore, without probative value (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 553; *Wehringer v Helmsley-Spear, Inc.,* 91 AD2d 585, *affd* 59 NY2d 688; *Executive Secs. Corp. v Gray,* 67 AD2d 860). Other than the submission of the various documents bearing upon the chains of title, neither moving party submitted evidentiary proof in admissible form, as required on such a motion (CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068).

In sum, the documentary proof is not conclusive on the issue so as to justify this summary relief. It clearly appears that thee are two conflicting chains of title, neither of which has been traced beyond 1975, each establishing that the same Rolls Royce was imported from England and sent to two different owners at two different locations and on two different dates. In determining that one chain had a superior claim, Special Term improperly resolved an issue which should await trial since, in doing so, it overlooked the fact that there was substantial proof presented to raise factual issues as to the validity and authenticity of the documents upon which Travelers relies.

Concededly, Travelers may be subrogated to no greater rights than that possessed by its insured, Richard Thomas. On this record, there are several discrepancies in the documents relating to Thomas' claim of title, sufficient to preclude summary judgment relief, namely: (1) the bill of sale from Lilley to Thomas indicates that the vehicle had an engine number

which allegedly is not in any known sequence of numbers for any Rolls Royce model, (2) the gross import container weight on the Thomas vehicle is 750 pounds less than the actual vehicle weight of the car, (3) the Lilley bill of sale contains different handwritings, one of which appears identical to that on Thomas' "Statement of Vehicle Total Theft", (4) in the "Statement of Vehicle Total Theft", Thomas claims to have performed a "total brake job" a few days after he obtained the car, whereas the Lilley bill of sale states that the brakes were overhauled just prior to the sale, (5) there are plainly dissimilar signatures by Thomas on three critical documents, the Massachusetts certificate of title, his "Statement of Vehicle Total Theft" and the indorsement on the Travelers' check, which was paid in settlement of the claim for the theft of the car, (6) Lilley's bill of lading (Apr. 19, 1975), the date of shipment, is dated 10 days prior to Lilley's bill of sale (Apr. 29, 1975), the actual date of sale.

Thus, the very documents relied upon by Travelers place in issue the authenticity of Thomas' title, through which the insurer claims to have a superior right and, for that reason, preclude summary judgment relief. This is especially so where, as here, appellant Carriage House has sought, but has not obtained, disclosure of relevant facts exclusively within the knowledge and control of Travelers. The record reflects that certain documents bearing upon Travelers' claim of title were not produced during depositions and the motion for summary judgment was made slightly more than one month after a letter requesting production went unanswered. This furnishes an additional ground for denying summary judgment (see, CPLR 3212 [f]; *Terranova v Emil,* 20 NY2d 493, 497; *Mack v Gregory Mem. Hosp.,* 90 AD2d 969; *Bank Leumi Trust Co. v Felner,* 70 AD2d 869).

Moreover, there is a further critical factual issue which cannot be determined on this record, namely, the precise date when Arnold (through whom Term claims title) imported the car from England. While the record includes Arnold's Canadian Customs document for the vehicle, reporting the Rolls Royce as having been imported on "6/8/75", it does not indicate whether the numerical date on the document represents the American method of abbreviation with the month, day and year listed in that order or the European style of abbreviation with the day listed first followed by the month and year. On the record before us, we cannot ascertain whether this difference in dates is relevant but, in any event, it should await trial. The record further indicates that, at the

time Thomas reported the vehicle as stolen, he furnished the Boston police with two different fictitious telephone numbers and the Boston police records indicate that he is "a suspect in past frauds involving vehicles and insurance companies." This is expressly set forth in the New Rochelle Police Department report.

Considering all of these several factors, the drastic relief of summary judgment should not have been granted. Bearing in mind the function of the court as issue finding, not issue determination (*Cruz v American Export Lines,* 67 NY2d 1, 13; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404), summary judgment was inappropriate here. The drastic remedy should not be granted where there is any doubt as to the existence of a triable issue (*Moskowitz v Garlock,* 23 AD2d 943, 944), or where the issue is even arguable (*Barrett v Jacobs,* 255 NY 520, 522), since it serves to deprive a party of his day in court.

Also, in our view, these same considerations warranted granting leave to serve an amended third-party complaint in the form annexed to the cross-moving papers, especially in view of the policy of liberality in granting leave to amend under CPLR 3025 (b). Concur—Kupferman, J. P., Sullivan, Kassal, Ellerin and Wallach, JJ.