■ MAXINE MURRAY, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Defendant, and CITY OF NEW YORK et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by

her brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 29, 1989, as granted the separate motions of the defendants City of New York and Republic Elevator Company, Inc., for summary judgment.

Ordered that the order is modified, by deleting the provision thereof which granted the motion of the defendant Republic Elevator Company, Inc., for summary judgment dismissing the complaint as against it, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, an employee of the New York City Health & Hospitals Corporation, was injured in an elevator accident which occurred in Kings County Hospital, a building that the City of New York leased to the New York City Health & Hospitals Corporation. Since it cannot be said that the hospital building was leased for a "public purpose", and the City of New York did not make a covenant to repair or reserve a right of reentry, there is no basis to impose liability against the City of New York, as a landlord lessor out of possession (see, Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559). Thus, the complaint insofar as it is asserted against the defendant City of New York was properly dismissed.

However, the motion of Republic Elevator Company, Inc., for summary judgment is premature since it has failed to provide the plaintiff with relevant facts exclusively within its knowledge and control. Thus, the court erred when it granted that defendant's motion for summary judgment (see, CPLR 3212 [f]; Terranova v Emil, 20 NY2d 493). Mangano, P. J., Bracken, Lawrence and Ritter, JJ., concur.