■ BATOUL HERBERT et al., Appellants, v MORGAN DRIVE-A-WAY, INC., et al., Respondents, et al., Defendant. (Action No. 1.) DOROTHY MOLLICONE, Appellant, v ERROL K. MILLER et al., Respondents. (And a Third-Party Action.) (Action No. 2.) [609 NYS2d 407] —Casey, J. Appeal from an order of the Supreme Court (Torraca, J.), entered May 7, 1993 in Ulster County, which granted a motion by defendants Morgan Drive-A-Way, Inc. and Errol K. Miller for summary judgment dismissing the complaints.

On November 29, 1990 at about 2:05 P.M., defendant Errol K. Miller was traveling south in his tractor truck without a trailer on State Route 32 in the Town of Plattekill, Orange County. The only other vehicle involved in the accident giving rise to these lawsuits was owned and operated by Thomas Mollicone, in which his wife, Dorothy Mollicone, was a front-seat passenger and a Batoul Herbert occupied that part of the back seat behind Mrs. Mollicone. The Mollicone vehicle was proceeding south on Route 32, ahead of the Miller tractor. There is some indication that Mr. Mollicone intended to make a left turn at an intersection but missed the turn, then proceeded about 1/10 of a mile south of that intersection and pulled his vehicle completely off of Route 32 onto its paved shoulder. There is a dispute as to whether the Mollicone vehicle completely stopped on the shoulder or slowed to a near stop.

When Miller, who was behind the Mollicone vehicle on Route 32, noticed the brake lights on the Mollicone vehicle go on, he began applying his brakes on the tractor and slowed to about 25 miles per hour. The Mollicone vehicle, which had pulled off the paved portion of the road completely onto the shoulder, pulled back onto the highway into the path of the Miller vehicle. Miller claims that he was only two car lengths away at that time in his own lane and proceeding at a reasonably careful rate of speed. When the Mollicone vehicle pulled back onto the highway, Miller steered to the left to

avoid a collision and applied his brakes harder, causing his wheels to lock up. The left front of the Miller vehicle struck the driver's door of the Mollicone vehicle, pushing it southward, and when it came to a stop a good portion of the front of the Mollicone vehicle was in the northbound lane. As a consequence of the impact, Mr. Mollicone was killed and the passengers were injured.

Separate lawsuits were commenced by Mrs. Mollicone and Herbert (hereinafter collectively referred to as plaintiffs).* After issue was joined, defendant Morgan Drive-A-Way, Inc., the titled owner of the vehicle Miller was driving, and Miller (hereinafter collectively referred to as defendants) made a motion for a summary judgment dismissing the complaints. In support of this motion, affidavits stating the facts outlined above, which are in essence largely undisputed, were submitted, along with depositions and the sworn testimony of the investigating State Trooper who was on the scene within moments of the accident. The Trooper's investigation led to his opinion that the cause of the accident was Mr. Mollicone's sudden and abrupt movement to the left and his unexpected return to the highway, and that Miller took all reasonable evasive action to avoid the collision. An eyewitness stated that the Mollicone vehicle, which had pulled off of the road quickly, tried to make a U-turn to head north and the tractor tried to avoid him by pulling to the left. The Administrative Law Judge who conducted the motor vehicle hearing came to the same conclusion as the Trooper.

The submission of this proof by defendants satisfied their initial burden, as the proponents of the motion for summary judgment, of making a prima facie showing of entitlement to judgment as a matter of law (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), which shifted the burden to plaintiffs to produce evidentiary proof in admissible form sufficient to require a trial of material issues of fact (Zuckerman v City of New York, 49 NY2d 557, 562). Mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient (supra).

In response to defendants' showing, plaintiffs submitted an affidavit by an accident reconstruction expert which avers that: "this finding [that the impact occurred in the northbound lane] suggests that Mr. Miller steered his vehicle to the left of center line and in so doing placed his truck on a direct collision course with the Mollicone vehicle. Had he continued

---

* Herbert's husband also made a derivative claim in her action.

to steer either straight ahead or to the right, this accident would have been avoided. Additionally, there is sufficient evidence that Mr. Miller was following the Mollicone vehicle at an unsafe distance" (emphasis supplied).

The expert's conclusion that the accident might have been avoided if Miller had continued straight or steered to the right when the Mollicone vehicle pulled out in front of him is based upon conjecture and surmise. The expert did not witness the accident and presented no facts to support his conclusion that Miller could have avoided the accident. When the Mollicone vehicle suddenly pulled into the southbound lane from the shoulder, Miller was confronted with an emergency and there is no evidentiary proof in admissible form to demonstrate that Miller was negligent in responding to the emergency (see, Hornacek v Hallenbeck, 185 AD2d 561, 562).

As to the expert's conclusion that Miller was following too closely behind the Mollicone vehicle, we fail to see how the position of the Miller vehicle as the two vehicles were traveling southbound could be considered a proximate cause of the accident. The Mollicone vehicle had pulled safely off the highway onto the right-hand shoulder and was stopped or almost stopped. Miller operated his vehicle in such a manner that he would have avoided a collision had the Mollicone vehicle remained on the shoulder. The accident happened when the Mollicone vehicle suddenly moved out from its safe position on the shoulder of the highway and into the southbound lane in front of Miller's vehicle, in an apparent attempt at a U-turn. In these circumstances, the distance between the Miller vehicle and the Mollicone vehicle before the Mollicone vehicle pulled onto the shoulder and out of the southbound lane in which Miller was traveling is irrelevant. Inasmuch as plaintiffs failed to make a showing of the existence of a material issue of fact, the order should be affirmed.

Mercure and Weiss, JJ., concur.

Yesawich Jr., J. (dissenting). We respectfully dissent. The emergency doctrine is only applicable when a party is confronted by a sudden, unforeseeable occurrence not of his or her own making (see, Martin v Alabama 84 Truck Rental, 47 NY2d 721, 722; Kinsfather v Grueneberg, 47 AD2d 789, 790); the mere fact that an emergency situation subsequently develops does not insulate that party from liability for prior tortious conduct—such as traveling at an excessive rate of speed or maintaining an unsafe following distance—which contributed to bringing about the emergency, and thus indirectly

caused the accident (see, Ferrer v Harris, 55 NY2d 285, 293, amended 56 NY2d 737).

Here, plaintiffs proffered admissible evidence from which it can reasonably be inferred that defendant Errol K. Miller, who was driving a 14,000-pound tractor, was following the vehicle operated by Thomas Mollicone at an unsafe distance prior to the accident. Miller himself testified that he was trailing the Mollicone vehicle by only two to three car lengths, which he approximated to be 40 feet, when he observed that vehicle's brake lights. He told the investigating State Trooper that even after decelerating and locking the tractor's brakes, that his speed at impact might have approached 40 miles per hour. And, plaintiffs' accident reconstruction expert opined— based on the distance that the Miller vehicle pushed the Mollicone vehicle—that the tractor's speed could have been as high as 53 miles per hour; the posted speed in the area was only 45 miles per hour. If the foregoing are found to be the circumstances that indeed prevailed, it would not be wholly irrational for a jury to find that a reasonably prudent driver would have maintained a greater distance between the vehicles, and that Miller's proximity to the Mollicone vehicle was a contributing factor in the creation of the emergency situation and the resulting collision. With more time to react, Miller might have been able to bring his trailer-less tractor to a full stop before colliding with the Mollicone vehicle, or to see that the Mollicone vehicle was heading for the northbound lane, and to avoid, rather than proceed into, that lane. In our view, defendants' motion should have been denied for it cannot be said, as a matter of law, that Miller's conduct was not a proximate cause of the accident. We would therefore reverse Supreme Court's order.

Cardona, P. J., concurs. Ordered that the order is affirmed, with one bill of costs.