■ JEROME FINKELSTEIN, Appellant, v CORNELL UNIVERSITY MEDICAL COLLEGE, Respondent. [702 NYS2d 285] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered January 29, 1999, which, to the extent appealed from, granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiff Jerome Finkelstein, M.D. was employed by defendant Cornell University Medical College as an Associate Professor of Surgery. Simultaneously, he held the position of staff surgeon at New York Hospital, where he was one of the two attending surgeons at the New York Hospital Burn Center. The other attending surgeon at the burn unit, Michael Madden, M.D., also an Associate Professor of Surgery at defendant Medical College, had been his colleague and professional partner for some 20 years. Tension arose at the burn unit during 1994 as the friendship between the two men deteriorated. Dr. Finkelstein alleges that Dr. Madden began to exhibit erratic behavior, which plaintiff brought to the attention of hospital officials on several occasions during 1995. In March 1996, as the result of plaintiff's complaints, Dr. Roger Yurt, Director of the Burn Center, reviewed certain cases that had particularly concerned

Dr. Finkelstein and found "no departure from standard of care" on the part of Dr. Madden.

The verified complaint filed September 11, 1996 states that, as a result of his complaints: "Defendants relieved Finkelstein of his duties at the Burn Center, announced the termination of his faculty appointment, transferred him to Jamaica Hospital and reduced his salary as punishment for having reported, as required by Public Health Law [§ 230 (11) (a), (d) (ii)], that Dr. Madden's actions constituted a threat to public safety." Pursuant to Labor Law § 740 (the Whistleblower Statute), the complaint seeks (1) recovery of Dr. Finkelstein's lost salary, reinstatement to his position as Associate Director of the New York Hospital Burn Center and to his faculty position as Associate Professor at Cornell University Medical School, and (2) compensation for the damage to his professional reputation for defamation per se in an amount not less than $5,000,000, together with costs and attorney's fees.

Defendant Medical College contends that plaintiff was terminated from his teaching position, along with Dr. Madden, because their conflict was disruptive. It asserts that plaintiff's reassignment to Jamaica Hospital, which does not have a burn unit, was for the purpose of separating the two antagonists and not in retaliation for the complaints directed at Dr. Madden.

Aside from the summary judgment motion, Supreme Court had before it a dispute concerning the discovery of materials maintained by the Department of Surgery's Quality Assurance Committee at the hospital and the proposed examination of persons who sat on that committee. Application for leave to undertake such discovery was required because the complaint has been dismissed as against New York Hospital on the ground that plaintiff's employer is defendant Cornell University Medical College, which is answerable for any violation of the Whistleblower Statute. This ruling has not been appealed. Therefore, plaintiff is seeking to depose nonparty witnesses. In opposing the application, defendant took the position that the information sought by plaintiff is privileged. The discovery issue was rendered moot by Supreme Court's award of summary judgment to defendant, and plaintiff has appealed only from so much of the order as granted defendant's motion dismissing the complaint.

Supreme Court properly concluded that the determination of the Office of Professional Medical Conduct (OPMC), which closed its investigation into the actions by plaintiff's colleague without taking any action, is not dispositive of this action (*Da-*

*vid v Biondo*, 92 NY2d 318, 324-325). Unlike the plaintiff in that case, plaintiff herein avers that he was not even interviewed by the OPMC, and collateral estoppel does not apply to bar this lawsuit.

We also agree that if plaintiff's colleague was practicing medicine at defendant hospital while impaired by a psychiatric disability, it represented a substantial danger to the public health and safety (Labor Law § 740 [2] [a]; *Remba v Federation Empl. & Guidance Serv.*, 76 NY2d 801, 802; *Rodgers v Lenox Hill Hosp.*, 211 AD2d 248, 253). Supreme Court's decision notes that various individuals with personal knowledge of the pertinent events, including three registered nurses at the burn unit, provided affidavits that Dr. Madden had "repeatedly exhibited signs of mental disturbance and provided questionable treatment to burn victims under his care." As Supreme Court found, such conduct is attributable to defendant employer, clearly implicating the Whistleblower Statute (*see, Kraus v New Rochelle Hosp.*, 216 AD2d 360, 364).

The complaint was dismissed on the ground that plaintiff failed to make out a prima facie case. Supreme Court reasoned that plaintiff has not established that he was discharged in retaliation for making complaints to hospital administration, observing that plaintiff has suggested no reason why defendant would want to protect Dr. Madden from charges of misconduct. The court pointed out that no allegation has been made that defendant or its affiliated hospital sought to cover up substandard care to avoid the attendant liability and adverse publicity. It found that the timing of events militates against a finding of retaliation because, had defendant wanted to retaliate, much more immediate action could have been taken against plaintiff.

To sustain a cause of action under the Whistleblower Statute, a plaintiff is required to allege the violation of a law, rule or regulation and a consequent danger to public health and safety (Labor Law § 740 [2] [a]; *Bordell v General Elec. Co.*, 88 NY2d 869, 870). Plaintiff has presented sufficient evidence, by affidavit, to support his contention that Dr. Madden was practicing medicine while impaired by a mental defect, which represented a danger to his patients. The affidavits of senior nursing staff members support plaintiff's allegations that his colleague was suspicious, hostile and erratic and that patient care was substandard as a result.

On appeal, defendant contends that it has articulated legitimate nondiscriminatory reasons for reassigning, demoting and terminating plaintiff from its faculty. However, significant

factual issues remain. On the one hand, it is alleged that the turmoil that existed in the burn unit arose because Dr. Madden exhibited bizarre, even paranoid, behavior that seriously detracted from his ability to render competent medical care, a situation that the hospital did not address or ameliorate. On the other hand, the tensions at the Burn Center are portrayed as nothing more than the result of animus between former associates that became intolerably disruptive.

It is well settled that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). " '[R]egardless of the sufficiency of the opposing papers' ", in the absence of admissible evidence sufficient to preclude any material issue of fact, summary judgment is unavailable (*Ayotte v Gervasio*, 81 NY2d 1062, 1063, quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Defendant suggests that its investigation revealed that there was no substance to the complaints made by plaintiff. However, it does not support this contention with affidavits. or documentation, asserting that any material relating to its investigation is privileged.

We take no position on the discovery issue, which is not before us. The proponent of summary judgment must eliminate material issues of fact by producing "evidentiary proof in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562). It is defendant's prerogative to withhold documentary evidence on the basis of a privilege; but assertion of the privilege does not operate to relieve the movant of its burden on a summary judgment motion. It is only the party opposing summary judgment who may, in the alternative, "demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form" (*supra,* at 562). At this juncture, the record reflects that essential facts exist but are unavailable to plaintiff, warranting denial of the summary judgment motion (CPLR 3212 [f]; *see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 506), especially where demands for pertinent documents (*see, Simpson v Term Indus.*, 126 AD2d 484, 486) and examination before trial are outstanding (*Terranova v Emil*, 20 NY2d 493, 497). Concur—Nardelli, J. P., Williams, Rubin and Andrias, JJ.