OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs and plaintiffs *202 motion for summary judgment denied, without prejudice to renewal after completion of discovery proceedings, which proceedings shall be completed within 60 days from the date of the order hereon, or at such other time as may be agreed by the parties in writing.
Plaintiff City Check Cashing, Inc. commenced the instant action to recover on a check drawn on the checking account of defendant Richard Principi, Inc. and signed by defendant Dolores Principi, which check had been dishonored. Defendants asserted the affirmative defenses of breach of contract and fraud in the inducement. The court below granted plaintiff’s motion for summary judgment finding that plaintiff was a holder in due course and not subject to defendants’ affirmative defenses (UCC 3-302, 3-305). We reverse.
Summary judgment should be denied where the facts essential to oppose the motion are within the movant’s knowledge, which may be disclosed by examination before trial (Jered Contr. Corp. v New York City Tr. Auth., 22 NY2d 187, 195; Terranova v Emil, 20 NY2d 493, 497). Defendants’ affirmative defense of breach of contract may be asserted against a holder (see, UCC 3-306), though not cognizable against a holder in due course (see, UCC 3-305). Inasmuch as the facts and circumstances surrounding the issue of whether plaintiff is a holder in due course are within the knowledge of plaintiff, it was improper to grant summary judgment at this juncture of the proceedings.
DiPaola, P. J., Floyd and Palella, JJ., concur.