■ VALERIE EDWARDS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [829 NYS2d 462]—

Order, Supreme Court, New York County (Robert D. Lip-

pmann, J.), entered May 10, 2006, which granted defendant New York City Transit Authority's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion denied and the complaint reinstated.

This is an action for damages arising from personal injuries allegedly sustained when a Transit Authority bus stopped suddenly, causing plaintiff to be thrown from her seat. The IAS court granted the Transit Authority's motion for summary judgment premised on the emergency doctrine, namely that the bus driver was required to suddenly stop when an automobile cut directly in front of the bus. In granting defendant's motion, the court rejected plaintiff's contention that the emergency doctrine was unavailable, since it had not been alleged as an affirmative defense in a responsive pleading.

Whether the emergency doctrine must be pleaded as an affirmative defense turns on the particular circumstances of each case and is a matter within the sound discretion of the motion court (see Bello v Transit Auth. of N.Y. City, 12 AD3d 58, 61 [2004]). CPLR 3018 (b) provides that all matters must be pleaded if they "would be likely to take the adverse party by surprise or would raise issues of fact not appearing on the face of a prior pleading." The record in the instant case reveals that the facts leading to the stop of the bus were within plaintiff's knowledge. Even if there were some details unknown to plaintiff, the deposition of the bus driver provided a detailed description of the Transit Authority's claim of an emergency stop, vitiating any later claim of surprise by plaintiff.

Turning to the merits, we disagree with the IAS court's dismissal of the action. It is well settled that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, the actor may not be found negligent if the actions are "reasonably prudent" under the emergency circumstances with which he or she is confronted (see Caristo v Sanzone, 96 NY2d 172, 174-175 [2001]). We have repeatedly found the emergency doctrine to preclude liability for personal injuries when a bus driver's only option was to stop short (see e.g. Brooks v New York City Tr. Auth., 19 AD3d 162 [2005]; Hotkins v New York City Tr. Auth., 7 AD3d 474 [2004]). In the instant case, however, there is a disputed issue of fact as to whether the bus driver's only recourse was to stop short. The bus driver testified at his deposition that, after picking up some passengers, he proceeded in the lane closest to the curb at a speed of two to five miles per hour, but a car in the left lane, moving about 40 miles per hour, cut in front of him at a distance of between one and three feet, thereby

compelling him to apply the brakes and stop short. By contrast, plaintiff testified that the bus was "driving fast" until it stopped suddenly while approaching the bus stop. Those contradictory versions of events leading up to the stop raise an issue of fact, thereby requiring denial of the summary judgment motion. Concur—Tom, J.P., Mazzarelli, Williams and Buckley, JJ.

McGuire, J., dissents in a memorandum as follows: I agree with the majority that Supreme Court did not err in considering defendant's argument that it is entitled to summary judgment on the basis of the emergency doctrine. While defendant did not plead the doctrine as an affirmative defense, no unfair surprise arose from defendant's failure to do so since the facts relating to the emergency were known by plaintiff, who questioned the driver of the bus at his deposition regarding the circumstances surrounding the emergency (*see Bello v Transit Auth. of N.Y. City*, 12 AD3d 58 [2004]). Moreover, plaintiff had ample opportunity to challenge the defense in response to defendant's motion (*see id.*). I disagree, however, with the majority's conclusion that summary judgment was improperly granted to defendant. Accordingly, I dissent.

The "emergency doctrine . . . 'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001], quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). "A person in such an emergency situation cannot reasonably be held to the same accuracy of judgment or conduct as one who has had full opportunity to reflect, even though it later appears that the actor made the wrong decision" (*Rivera*, 77 NY2d at 327 [internal quotation marks omitted]).

Here, defendant, the owner of the bus, made a prima facie showing both that the bus driver was confronted by an emergency situation and that he acted reasonably in that emergency (*see e.g. Bender v Gross*, 33 AD3d 417 [2006]). The bus driver testified at his deposition that the bus was stopped in the right-hand lane of a two-lane southbound roadway at a bus stop. As the bus began to proceed south in the right-hand lane at a speed of two to five miles per hour, a small white vehicle, traveling at approximately 40 miles per hour, cut in front of the bus without signaling. The bus driver further testified that only one to three feet separated the vehicles and that he needed to apply the brakes immediately and forcefully to avoid a collision.

In opposition, plaintiff failed to raise a triable issue of fact. At both her General Municipal Law § 50-h hearing and her deposition, plaintiff testified that she did not know why the bus stopped suddenly. The *only* inference that can be drawn from plaintiff's testimony is that she has no personal knowledge of the circumstances with which the bus driver may have been confronted. Therefore, her testimony sheds no light whatsoever on the issue of whether the bus driver was "faced with a sudden and unexpected circumstance ,which le[ft] little or no time for thought, deliberation or consideration" (*Caristo*, 96 NY2d at 174). Plaintiff's testimony that the bus driver was "driving fast" before the bus stopped suddenly is "wholly subjective, unquantifiable, and conclusory" (*Wolf v We Transp.*, 274 AD2d 514 [2000]; *see Sheppeard v Murci*, 306 AD2d 268 [2003]), and insufficient to raise a triable issue of fact regarding whether the bus driver was responsible for creating the emergency situation or whether his response thereto was unreasonable (*see Gonzalez v City of New York*, 295 AD2d 122 [2002]). Plaintiff's "subjective, unquantifiable, and conclusory" testimony about how fast the bus was moving before it was cut off by the small white vehicle, in other words, does not raise a material issue of fact on the critical issue of whether the bus was cut off by that vehicle (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980] ["one opposing a motion for summary judgment must produce evidentiary proof . . . *sufficient to require a trial* of material questions of fact" (emphasis added)]).

Accordingly, I would affirm the order of Supreme Court (*see Roviello v Schoolman Transp. Sys., Inc.*, 10 AD3d 356 [2004]; *Hotkins v New York City Tr. Auth.*, 7 AD3d 474 [2004]).