# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**738**

**CA 11-01971**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

STEPHEN NICHOLS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

MARIE HACK, DEFENDANT-RESPONDENT.
(APPEAL NO. 2.)

---

NIRA T. KERMISCH, SUDBURY, MASSACHUSETTS, FOR PLAINTIFF-APPELLANT.

LITTLER MENDELSON, P.C., ROCHESTER (PAMELA S.C. REYNOLDS OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from a second amended judgment of the Supreme Court, Monroe County (David Michael Barry, J.), entered June 24, 2011. The second amended judgment dismissed the complaint upon a jury verdict.

It is hereby ORDERED that the second amended judgment so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from a second amended judgment that dismissed his complaint for malicious prosecution after the jury returned a verdict in favor of defendant, plaintiff contends, inter alia, that Supreme Court erred in admitting testimony that defendant consulted with an attorney prior to filing a harassment charge against plaintiff and in giving a jury charge addressing reliance on the advice of counsel in the context of a malicious prosecution action. We reject plaintiff's contentions. Whether a defendant in a malicious prosecution action is required to plead reliance on the advice of counsel "as an affirmative defense turns on the particular circumstances of each case and is a matter within the sound discretion of the [trial] court" (*Edwards v New York City Tr. Auth.*, 37 AD3d 157, 158). Here, the court properly exercised its discretion in admitting testimony regarding defendant's consultation with an attorney. Moreover, it is apparent on this record that plaintiff knew that defendant had conferred with an attorney prior to filing a harassment charge against him and, thus, there was no chance that the failure to plead reliance on the advice of counsel took plaintiff "by surprise" (CPLR 3018 [b]). In addition, the testimony of defendant and the attorney with whom she consulted prior to filing a harassment charge was sufficient to support the court's decision to instruct the jury regarding defendant's assertion that she had relied on the advice of counsel (*see* PJI 3:50.3). We have considered plaintiff's remaining

contentions and conclude that they are without merit.

Entered: June 15, 2012

Frances E. Cafarell
Clerk of the Court