(April 7, 2015)

■ Switzerland Green, Respondent, v Metropolitan Transportation Authority Bus Company et al., Appellants, and Tyese Laws et al., Respondents. [7 NYS3d 85]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 7, 2014, which, to the extent appealed from, denied defendants Metropolitan Transportation Authority Bus Company and Isael Reyes's (the MTA defendants) motion to renew, granted their motion to reargue their cross motion for summary judgment, and, upon reargument, adhered to its prior order, same court and Justice, entered October 8, 2013, granting the motion of defendants Tyese Laws and Samantha Santiago dismissing plaintiff's causes of action against them and denying the MTA defendants' cross motion, modified, on the law, to grant upon reargument the MTA defendants' motion for summary judgment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Appeal from the October 8, 2013 order, dismissed, without costs, as academic.

In this action arising from an accident involving an MTA bus, the motion court improperly denied the MTA defendants' motion for summary judgment. Plaintiff was a passenger on the bus when it came into contact with a vehicle operated by defendant Laws. Defendant Reyes, the operator of the bus, stated in an affidavit that he was suddenly cut off by a red van while proceeding north on the Bruckner Expressway, causing him to veer left and collide with the Oldsmobile sedan driven by Laws and owned by defendant Santiago. The MTA defendants moved for summary judgment, arguing that, as a matter of law, the emergency doctrine precludes any liability on their part. Upon denial of their motion, the MTA defendants moved to reargue and renew. In support of the motion, the MTA defendants provided a second affidavit by Reyes reiterating his testimony that he reacted by entering into the left lane after being cut off by a red van that suddenly jumped a barrier in order to enter the expressway.

The emergency doctrine applies in situations where an actor is confronted with a sudden or unexpected circumstance, not of the actor's own making, that leaves little or no time for thought, deliberation, or consideration to weigh alternative courses of conduct (*Caristo v Sanzone*, 96 NY2d 172 [2001]). The existence of an emergency and the reasonableness of a party's response to it ordinarily present questions of fact warranting the denial of summary judgment (*Cahoon v Frechette*, 86 AD3d 774 [3d Dept 2011]; *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58 [2d Dept 2004]). Where, however, a driver presents sufficient evidence that he or she did not contribute to the creation of the emergency situation, that his or her actions were reasonable under the circumstances, and that there is otherwise no opposing evidentiary showing sufficient to raise a legitimate question of fact, summary judgment may be granted (*Patterson v Central N.Y. Regional Transp. Auth. [CNYRTA]*, 94 AD3d 1565 [4th Dept 2012], *lv denied* 19 NY3d 815 [2012]). Speculation concerning the possible accident-avoidance measures of a defendant faced with an emergency is not sufficient to defeat summary judgment (*Cruz v MTLR Corp.*, 111 AD3d 568, 568 [1st Dept 2013]).

The MTA made a prima facie showing of entitlement to judgment as a matter of law based on the emergency doctrine defense (*Edwards v New York City Tr. Auth.*, 37 AD3d 157 [1st Dept 2007]). Reyes stated that he was traveling north in the right lane on the Bruckner Expressway at a rate of speed of approximately 15-20 miles per hour. Although there was a service lane to his right, it was separated from the main expressway by a guard barrier. He indicated that when a red van suddenly jumped the guard barrier and entered the expressway, he immediately reacted by moving the bus into the left lane in order to avoid a collision with the van.

No alternate factual account of the accident is presented in opposition. Plaintiff, who was asleep at the time of impact, does not provide a differing version of events. Laws was rendered unconscious as a result of the collision and testified at his General Municipal Law § 50-h hearing that he did not recall anything pertaining to the actual accident.

Nor is the motion premature, even though the deposition of Reyes has not yet been held. CPLR 3212 (f) permits the party opposing summary judgment to have further discovery when it appears facts supporting its position exist but cannot be stated (*Terranova v Emil*, 20 NY2d 493, 497 [1967]). Where facts essential to oppose a motion for summary judgment are exclusively within the knowledge and control of the movant, sum-

mary judgment may be denied (*Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 103 [1st Dept 2006], *lv denied* 8 NY3d 804 [2007]). Even under such circumstance, the party invoking CPLR 3212 (f) must show some evidentiary basis supporting its need for further discovery. Although Reyes's account of the accident is uncorroborated, neither plaintiff nor codefendant Laws presents a scintilla of evidence calling the veracity of his account into question, which would have shown further discovery is required to develop their opposition to summary judgment. Contrary to the view of the dissent, Reyes's second affidavit, although more detailed, is neither contradictory nor inconsistent with his first affidavit, and plaintiffs do not raise that argument as a basis for denying summary judgment.

The motion court correctly granted summary judgment to defendants Laws and Santiago. Laws did not create the emergency and there is no factual opposition to his claim that before the accident, he was traveling at a safe rate of speed.

We have considered the parties' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Renwick and Gische, JJ.

Tom, J., dissents in a memorandum as follows: This dispute over the traffic accident at issue does not warrant application of the emergency doctrine. Even if the doctrine were applicable, questions of fact exist with respect to both the circumstances of the accident and the propriety of the bus driver's actions. Since no discovery has been conducted and essential facts within the knowledge of the movant are unavailable to the other parties, summary disposition in favor of defendants Metropolitan Transportation Authority (MTA) and its driver is inappropriate (CPLR 3211 [d]).

The MTA bus was being operated in the right lane on the northbound side of the Bruckner Expressway in the Bronx. The driver, defendant Isael Reyes, stated that he was traveling at about 15 to 20 miles an hour in an area where the right lane of the two-lane expressway is separated from the entrance lane to the immediate right by a rubber curb affixed to the roadway, from which plastic poles protrude upright. Reyes alleges that a red van suddenly jumped this curb and entered into his lane of travel, prompting him to swerve to the left to avoid a collision.

Defendant Tyese Laws was operating a 2000 Oldsmobile owned by defendant Samantha Santiago in the left lane of the roadway when defendant's bus swerved into his lane, pinning his vehicle between the bus and the concrete barrier that separates northbound and southbound traffic. Laws lost consciousness and awoke in the hospital.

Plaintiff was asleep in the last row of the bus and was awakened by the impact of the collision, which threw her into the seat in front of her. On the side of the bus where she was sitting, she observed a car trapped between the bus and the center divider. She sustained injury to her knees and ankles.

The MTA's report of the incident indicates damage was sustained to the left-side cargo area at the center of the bus. It further discloses damage to both sides of the Oldsmobile driven by Laws and recounts that the fire department had to cut off the roof of the vehicle to remove the driver, who testified at his General Municipal Law § 50-h hearing that he was still unconscious when transported to the hospital.

Laws and Santiago (Laws defendants) moved and the MTA and its driver (MTA defendants) cross-moved for summary judgment on the issue of liability. Plaintiff opposed both motions. Supreme Court granted the Laws defendants' motion and denied the MTA defendants' cross motion. Upon a motion to renew and reargue by the MTA defendants, which included the supplemental affidavit of Isael Reyes, the court denied renewal and, upon reargument, adhered to its previous decision.

Renewal was properly denied. The Reyes affidavit contains no facts that could not have been included in the original moving papers and sets forth no excuse for failure to supply them on the original application (CPLR 2221 [e] [2]).

Upon reargument, the court properly adhered to its prior decision. The moving party bears the initial burden of making a prima facie showing of entitlement to summary judgment by demonstrating "the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The MTA defendants seek to absolve themselves of liability on the ground that the bus driver was confronted with "a sudden, unforeseeable occurrence not of his . . . own making" (*Herbert v Morgan Drive-A-Way*, 202 AD2d 886, 888 [3d Dept 1994, Yesawich Jr., J., dissenting], *revd for reasons stated by dissent* 85 NY2d 895 [1995]). They contend that the circumstances afforded no opportunity for "weighing alternative courses of conduct" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]) and that the driver should not be cast in negligence because "the actions taken are reasonable and prudent in the emergency context" (*id.*).

The MTA defendants failed to meet their burden for summary judgment. The two affidavits submitted by Reyes are contradictory and inconsistent with the evidence, and they raise factual issues as to whether his actions were reasonably prudent under the circumstances. Reyes described the roadway

as consisting of two travel lanes, with "a service lane" to the right, and "a guard barrier" between the right travel lane and the service lane. The motion court described the service lane as a "merging lane." Reyes later stated that a red van jumped the guard barrier, entered the expressway, approaching perpendicular to and directly in front of the bus. Knowing that there were vehicles traveling in the lane to the left of the bus, Reyes nevertheless swerved his vehicle to the left causing the collision. In its initial decision denying the MTA defendants' motion for summary judgment, the motion court posed the salient question: If there were moving cars to the left and a service lane to the right, why did Reyes move left?

In his supplemental affidavit submitted with the motion to reargue, Reyes advanced the new claim that there was construction on the roadway (failing to specify the location) and that there were "several sections of guard barriers which consisted of yellow delineators" presumably to the right of the lane in which the bus was traveling; thus, there was no "merge lane" for him to safely pull into. Even accepting the additional facts, the same question must still be posed: With knowledge that there were moving vehicles in the lane to the left of the bus, would it not have been more prudent to move the bus to the right where there was no moving traffic but merely yellow delineators with rubber poles and temporary guard barriers, thereby avoiding any risk of colliding with vehicles in the left travel lane?

Further, in the supplemental affidavit, Reyes states that the red van came across the merge lane "from the intersecting street, Edgewater, which forms a T-intersection with the Expressway." This statement raises an inconsistency with Reyes's previous affidavit, in which he claimed that there was a service lane to the right of his travel lane and "suddenly and unexpectedly a red van jumped the guard barrier to enter the expressway." In the supplemental affidavit, Reyes states that the van came out of Edgewater Street, crossed the merge lane and jumped the guard barriers to enter the expressway. It should be noted that the MTA investigator's drawing indicates that there are two merge lanes to the right of the expressway and not just one merge lane as Reyes described. The two merge lanes separate the Bruckner Expressway and the beginning of Edgewater Street. Reyes's observation that the van came from Edgewater Street, some distance away, which is the logical inference to be drawn from his supplemental affidavit, negates the inference that there was an emergency situation. A factual issue is raised as to whether Reyes could have taken other

precautions, such as slowing down the bus, to avoid a collision. Based on his supplemental affidavit, Reyes would have observed the van come out of Edgewater Street, cross two merge lanes, and plow through several sections of guard barriers and yellow delineators with rubber poles before entering the expressway. This scenario, which does not constitute an emergency situation, is inconsistent with Reyes's assertion in his first affidavit that "suddenly and unexpectedly, a red van jumped the guard banner in order to enter the expressway" and negates the majority's conclusion that Reyes's two affidavits were "neither contradictory nor inconsistent."

Additionally, summary judgment should not be granted where facts essential to oppose the motion are exclusively within the knowledge of the moving party and they might well be disclosed by an examination before trial (*Magee v County of Suffolk*, 14 AD3d 664 [2d Dept 2005], *lv dismissed* 7 NY3d 771 [2006]; *Finkelstein v Cornell Univ. Med. Coll.*, 269 AD2d 114, 117 [1st Dept 2000]). In opposing the MTA defendants' motion, plaintiff and the Laws defendants assert that Reyes's credibility concerning the "phantom" red van is in issue and that the circumstances of the accident, as described by Reyes, are highly suspect or even impossible. Thus, they maintain that they should be afforded an opportunity to depose Reyes. It is an injustice to grant the MTA defendants summary judgment based on Reyes's self-serving and inconsistent affidavits when no discovery has been conducted and Reyes, the only witness to the accident, has not been deposed.

Summary judgment should also not have been granted to the Laws defendants. At the section 50-h hearing, Laws testified that he had no memory of the accident or recollection of the events immediately leading up to the accident after being rendered unconscious by the collision. Laws's subsequently tailored affidavit, which states he was going slow before the accident, is inconsistent with his section 50-h testimony and insufficient to support summary disposition.

Accordingly, I would modify the order entered October 8, 2013, solely to deny the motion of the Laws defendants and would otherwise affirm.