■ CATHERINE SULL, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [46 NYS3d 868]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered August 14, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the *motion denied.*

Defendant failed to establish its entitlement to judgment as a matter of law in this action for personal injuries sustained when plaintiff was caused to fall by an allegedly defectively installed bus pad (*see Carlucci v Village of Scarsdale*, 104 AD3d 797, 798-799 [2d Dept 2013]; *see also Taveras v 1149 Webster Realty Corp.*, 134 AD3d 495, 496 [1st Dept 2015], *affd* 28 NY3d 958 [2016]). The affidavit of defendant's employee who conducted the paper records search did not indicate that his search encompassed records of the installation of concrete pads at bus stop locations, and the City employee produced for a deposition did not know whether the paper search would have included bus pad records. Furthermore, defendant limited its search to only two years, despite the fact that its employees testified that 10 to 13 years of records would have been available. That defendant limited the discovery it provided does not relieve it of its burden on moving for summary judgment to establish that the bus pad was properly installed (*see e.g. Finkelstein v Cornell Univ. Med. Coll.*, 269 AD2d 114, 117 [1st Dept 2000]). Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.