■ JOSE FONSECA, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents. [788 NYS2d 99]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered September 18, 2003, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff's testimony at his deposition and at his General Municipal Law §50-h hearing sufficiently established a prima facie case of negligence against defendants. The 81-year-old plaintiff testified that he was injured when the bus he had just boarded "stopped hard," causing him and other passengers to fall. Plaintiff's injuries included a hip fracture and a fracture of his left femur, resulting in permanent loss of use of the left hip and leg and a lengthy confinement to a wheelchair, cerebral trauma, and damage to his dentures, which were expelled from his

mouth. The injuries allegedly destroyed plaintiff's prior ability to run errands, shop and to otherwise conduct his day-to-day affairs independently. The bus driver gave a conflicting account of the incident. While admitting that he heard but did not see plaintiff fall, he stated that he observed plaintiff and his packages strewn on the floor of the bus, and that he immediately went to plaintiff's assistance.

Plaintiff's testimony did not merely characterize the bus's stop as sudden or violent. "It also provided objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, . . . different . . . than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995]). Hence it raised questions of fact that should be determined in the light of surrounding circumstances (*Harris v Manhattan & Bronx Surface Tr. Operating Auth.*, 138 AD2d 56, 58 [1988]), such as whether defendants were negligent in the operation of the bus and whether such negligence caused plaintiff's injuries. Concur—Tom, J.P., Saxe, Williams, Sweeny and Catterson, JJ.