■ CHERYL STEWART, Appellant, v VERONICA ELLISON et al., Respondents. [813 NYS2d 397]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 9, 2005, granting the Ellison defendants' motion

and defendant Ford Credit Titling Trust Co.'s cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, the motion and cross motion denied, and the complaint reinstated as against all defendants.

On July 5, 2002, at approximately 1:30 P.M., plaintiff claims to have been operating her motorcycle in the right northbound lane on the FDR Drive. Defendant Glenn E. Ellison was operating a vehicle leased from codefendant Ford Credit Titling Trust Co. northbound in the center lane approximately 30 yards behind plaintiff. A saddlebag fastened to the motorcycle's back seat by bungee cords apparently became caught in the motorcycle's rear wheel, causing the motorcycle to skid. The Ellison vehicle collided with the motorcycle, striking plaintiff's left ankle and causing her to sustain a compound fracture. According to the police report, plaintiff told the responding officer that after her saddlebag became caught in the rear wheel, the wheel locked up, causing the motorcycle to skid "out of control." A diagram of the location of the respective vehicles after the collision showed the motorcycle to be in the center lane.

At her deposition, plaintiff testified that she was traveling 40 miles per hour before the accident, and that after her saddlebag became enmeshed in the rear wheel, the motorcycle began to skid toward the left with only the forward half of the front wheel crossing over into the center lane at the time of impact. According to plaintiff, she skidded for approximately 15 to 20 seconds and no other portion of the motorcycle crossed over the line separating the right from the center lane. In fact, plaintiff claims, the motorcycle's left foot peg remained in the right lane of travel and the motorcycle was still skidding when it was struck. Ellison testified that the motorcycle was 10 to 15 yards ahead of his vehicle when it began to skid and he noticed smoke emitting from its rear tire. He immediately braked his vehicle and slowed down. Ten seconds had elapsed from the beginning of the motorcycle's skid to the time of impact. The motorcycle "sort of wiggled, waggled and came into the center lane." Ellison traveled "[t]hree feet or less" after he applied his brakes. When Ellison observed the motorcycle skidding, he did not attempt to change lanes because "there was a big truck to my immediate left."

The Ellison defendants moved for summary judgment, arguing that Ellison, faced with an emergency situation, acted reasonably under the circumstances. Defendant Ford cross-moved for summary judgment, adopting Ellison's argument. Plaintiff opposed the motions, arguing that whether Ellison was faced

with an emergency situation and acted reasonably presented a question of fact. Supreme Court found the facts "largely uncontroverted" and granted defendants' motions, determining that plaintiff's skidding was the sole proximate cause of the accident. We reverse.

An emergency situation arises when one is confronted with a sudden and unexpected event or combination of events not of one's own making that leaves little or no time for reflection or the exercise of deliberate judgment (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). A party may not rely on the emergency doctrine if he or she caused or contributed to the emergency (*see Mead v Marino*, 205 AD2d 669 [1994]; *Sweeney v McCormick*, 159 AD2d 832 [1990]). On this record, contrary to Supreme Court's determination, we find issues of fact as to whether Ellison's negligence contributed to the occurrence of the accident. Although belied by alleged admissions made at the scene of the accident, as reflected in the police report, which are not conclusive and, in any event, can be challenged at trial, plaintiff testified at her deposition that only part of her front wheel crossed over onto the center lane and that she was able to control her skid. In fact, plaintiff testified that the motorcycle's left foot peg, which was apparently the point of impact, remained in the right lane. Moreover, plaintiff's testimony that she had been skidding for about 15 to 20 seconds before the accident and had activated her rear brake light to alert drivers behind her of her problem raises a triable issue of fact as to whether Ellison was confronted with an emergency situation and, concomitantly, whether he had a reasonable opportunity to avoid the accident (*see Raposo v Raposo*, 250 AD2d 420 [1998]). Given the state of the record presented, the motions should have been denied. Concur—Andrias, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.