■ GRACE DISALVATORE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [845 NYS2d 312]—

Order, Supreme Court, New York County (Robert D. Lipp-

mann, J.), entered June 20, 2006, which, in an action for personal injuries sustained by plaintiff while a passenger on defendants' bus, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff, 84 years old at the time of the accident, testified at deposition that after boarding the bus, she walked "shakily" toward a seat because the bus was "speeding," "swaying," "jolting from side to side," "bouncing up and down," and "moving erratically in a way that I couldn't get to my seat." She "never experienced anything like that in all [her] life on any bus," and it was "totally out of the ordinary." Then, as she turned around with difficulty to take a seat, she was thrown to the floor, and then slid down the aisle, sustaining the serious injuries for which she seeks to recover. At her General Municipal Law § 50-h hearing, plaintiff testified that she was thrown as the bus made a "sharp turn" while traveling "quite fast." We reject defendants' argument that such testimony does not provide "objective evidence" of the force of the claimed erratic movement sufficient to permit an inference that such movement was "extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant[s]" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995]; *see Fonseca v Manhattan & Bronx Surface Tr. Operating Auth.*, 14 AD3d 397, 398 [2005], citing *Harris v Manhattan & Bronx Surface Tr. Operating Auth.*, 138 AD2d 56, 58 [1988]). The bus driver's conflicting testimony that he did not observe any passengers in the aisle when he pulled slowly and smoothly out of the stop, and was going only two to three miles per hour as he turned the corner and then, after stopping at a red light, saw plaintiff on the floor, simply raises issues of fact for trial. We have considered defendants' other arguments, and plaintiff's argument that the motion should have been denied as untimely, and find them unavailing. Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.