(April 7, 2009)

■ ADAM GRANT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [877 NYS2d 31]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered March 14, 2008, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the complaint reinstated.

Plaintiff was injured when the bus he was riding as a standee stopped suddenly, causing him to lose his footing. "To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was 'unusual and violent' " (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 829-830 [1995] [citation omitted]). "Proof that the stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the plaintiff" (*id.* at 829-830). Measured by this standard, plaintiff's proof was sufficient to raise a triable issue of fact as to whether defendant was negligent. Plaintiff, who was 29 years old at the time of the accident, testified that buildings within his view seemed to be "moving" by very quickly as the bus engine made a high-pitched sound. Plaintiff estimated the bus's speed to be at least 35 to 40 miles per hour immediately before deceleration. Plaintiff added that when the bus stopped, he was launched into the air even though he was holding the overhead grip. It was also plaintiff's testimony that the bus's sudden stop caused another standee to fall to his knee. Such testimony constitutes "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (*id.* at 830; *see also Fonseca v Manhattan & Bronx Surface Tr. Operating Auth.*, 14 AD3d 397 [2005]).

An issue of fact was thus raised, warranting denial of the motion. Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ.