◼ PHILLIP D'AVILAR, Appellant, v FOLKS ELECTRICAL INC. et al., Defendants, and LEE SPRING COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents. WARREN ELEVATOR SERVICE Co., INC., Third-Party Defendant-Respondent. [889 NYS2d 554]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 16, 2008, which, inter alia, granted the motion of defendants Lee Spring Company, Unispring Realty Co. and Albert P. Mangels (collectively Lee Spring) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff, a helper employed by an elevator maintenance company, sustained significant injuries when his hand became caught while he was cleaning a wheel, chain and sprocket on an elevator at a time when the power was left on. Plaintiff testified that he began cleaning the machinery on the instructions of his supervisor who told him that the power was off. Where the evidence as to the cause of an accident that injured a plaintiff is undisputed, the question as to whether any act or omission of the defendant was the proximate cause of the accident is for the court and not the jury. "[T]he negligence complained of must have caused the occurrence of the accident from which the injuries flow" (*Rivera v City of New York*, 11 NY2d 856, 857 [1962]), and the law draws a distinction between a condition that merely sets the occasion for and facilitated an accident and an act that is a proximate cause of the accident (*see Lee v New York City Hous. Auth.*, 25 AD3d 214, 219 [2005], *lv denied* 6 NY3d 708 [2006]).

Here, Lee Spring demonstrated its entitlement to judgment as a matter of law by showing that the proximate cause of this workplace accident was the failure to turn off the power to the elevator before plaintiff commenced to clean the wheel, sprocket and chain and that it was not responsible to terminate the

elevator's power when plaintiff's employer was servicing the elevator.

In opposition, plaintiff submitted, inter alia, an affidavit of an elevator expert who stated that there were code violations with respect to the subject elevator, including that it failed to have a guard on the sprocket and that Lee Spring failed to keep the machine room in a reasonably clean condition. However, this affidavit was insufficient to raise a triable issue of fact inasmuch as the expert failed to explain how the conditions he cited would have resulted in plaintiff's injury if the power to the elevator had been turned off before plaintiff began to clean the equipment. The absence of a guard and the allegedly dirty condition of the area, at most, may have facilitated the accident.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.