Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered on or about September 19, 2008, which denied plaintiff’s motion for leave to amend the complaint and *845 for summary judgment against defendant Essex Insurance Company, and granted Essex’s cross motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to declare that Essex is not obligated to defend plaintiff in the underlying personal injury action, and otherwise affirmed.
In the underlying slip and fall action, the property owner Beechwood was sued for negligently allowing a parking lot to remain in an uneven, snowy and icy condition. According to the deposition testimony of the injured plaintiff, the plaintiffs father moved his vehicle out of its parking spot and she slipped as she pulled the handle to open the vehicle’s door. While the father claimed that his vehicle remained in its parking spot, he testified similarly that his daughter fell near the passenger door as “she was coming to the car to get in.”
Beechwood filed a third-party complaint against the father and DME an excavation contractor. Beechwood alleged that the father was negligent because he allowed his vehicle to either move or come into contact with his daughter as she tried to enter it and that DMP was negligent in performing snow removal work. Beechwood also sought contractual indemnification from DMP and damages for DMP’s alleged failure to name it as an additional insured on DMP’s commercial general liability (CGL) policy with Essex.
Essex disclaimed coverage on the grounds that the CGL policy excluded coverage for snow removal operations and for any personal injuries arising out of the use of “any auto,” whether owned by the insured or not, and that there was no coverage pursuant to the policy’s “Contractual Liability Limitation” and “Breach of Contract” endorsements. In response, DMP filed this action seeking a declaration that Essex had a duty to defend. Thereafter, DMP’s motion for summary judgment dismissing the third-party complaint in the underlying action, based on DMP’s claim that it had no duty and did not perform snow removal, was granted on default. When negotiations between DMP and Essex to settle DMP’s claim for defense costs failed, the motions that were decided by the order on appeal followed.
A duty to defend exists whenever the allegations in the complaint in the underlying action, construed liberally, suggest a reasonable possibility of coverage, or where the insurer has actual knowledge of facts establishing such a reasonable possibility (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]; Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]). “Any . . . exclusion[ ] . . . from *846 policy coverage must be specific and clear in order to be enforced” (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984] ), and “an ambiguity in an exclusionary clause must be construed most strongly against the insurer” (Guachichulca v Laszlo N. Tauber & Assoc., LLC, 37 AD3d 760, 761 [2007]).
The test for ambiguity is whether the language of the insurance contract is “susceptible of two reasonable interpretations” (State of New York v Home Indem. Co., 66 NY2d 669, 671 [1985] ). In this regard, insurance contracts should be read in light of common speech (Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398 [1983]), and “are to be interpreted according to the reasonable expectations and purposes of ordinary businesspeople when making ordinary business contracts” (City of New York v Evanston Ins. Co., 39 AD3d 153, 156 [2007]). The plain meaning of the policy’s language may not be disregarded to find an ambiguity where none exists (see Bassuk Bros, v Utica First Ins. Co., 1 AD3d 470 [2003], lv dismissed 3 NY3d 696 [2004]).
Applying these principles, Essex has no duty to defend, because the policy’s unambiguous “auto exclusion” bars even the potential for coverage of the underlying claim (see American Guar. & Liab. Ins. Co. v Hoffmann, 61 AD3d 410 [2009]).
Because DMP concedes that the accident arose out of the use of the father’s vehicle, we do not decide the issue (compare Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 350-351 [1996] [“arising out of’ language in an insurance exclusion clause is unambiguous and is to be applied broadly in the form of a “but-for” test in determining coverage], with D'Avilar v Folks Elec. Inc., 67 AD3d 472, 472 [2009] [“the law draws a distinction between a condition that merely sets the occasion for and facilitated an accident and an act that is a proximate cause of the accident”]; see also Cowan Sys., Inc. v Harleysville Mut. Ins. Co., 457 F3d 368 [4th Cir 2006]).
DMP does contend that the auto exclusion is unusual, unfair and ambiguous and should be construed in favor of coverage. This argument is without merit.
The auto exclusion provides: “This insurance does not apply to ‘bodily injury’ . . . arising out of, caused by or contributed to by the ownership, non-ownership, maintenance, use or entrustment to others of any ‘auto.’ Use includes operation and ‘loading and unloading.’ ”
The plain meaning of this language, which focuses on the connection between a vehicle and the injury, not between a vehicle and the insured, is that bodily injury occurring as described is not covered, whether or not it is the insured who owned, *847 maintained, used or entrusted to others the subject automobile (see e.g. Allstate Ins. Co. v Naai, 684 F Supp 2d 1220, 1230-1231 [D Haw 2010]; Mosher v Essex Ins. Co., 2009 WL 1693218, *5, 2009 Mich App LEXIS 1342, *12-13 [Ct App 2009]; Essex Ins. Co. v Neely, 2008 WL 619194, *9-10, 2008 US Dist LEXIS 16615, *24-28 [ND W Va 2008]). Thus, as the trial court found, “[a] fair reading of the policy and the plain language of the provision should have placed the insured on notice that the provision was applicable to the ‘use’ of ‘any auto’ regardless of ownership[,] [t]hus . . . providing the insured with the opportunity to question or renegotiate coverage.”
Plaintiff’s allegations of bad faith are unsupported by evidence sufficient to warrant a finding that Essex’s disclaimer of coverage constituted “gross disregard” of plaintiffs interests (see Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 452-453 [1993]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, McGuire and Manzanet-Daniels, JJ.