■ TONI ANN DATTILO, as Administratrix of the Estate of SALVATORE DATTILO, Deceased, Appellant, v BEST TRANSPORTATION INCORPORATED et al., Respondents. [913 NYS2d 163]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered August 3, 2009, which granted the motion of defendants Best Transportation, Interpool/Titling/Acquisition and Worley (collectively, the tractor-trailer defendants) and the cross motion of defendants Ortega-Alvarez and Guaman for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's decedent's motorcycle struck the rear of the Guaman car in the middle lane on the approach to the upper level of the George Washington Bridge. The decedent was thrown from his motorcycle into the path of a tractor-trailer driven by Worley, which was in the left lane.

Where evidence of the cause of an accident is undisputed, the question whether any act or omission of the defendant was the proximate cause is for the court and not the jury (*D'Avilar v Folks Elec. Inc.*, 67 AD3d 472 [2009]).

The tractor-trailer defendants established their entitlement to summary judgment based on the emergency doctrine, which

recognizes that when an actor is faced with a sudden and unexpected circumstance leaving little or no time for thought, deliberation or consideration, or causing the actor to be reasonably so disturbed that he must make a speedy decision without weighing alternative courses of action, the actor might not be negligent if his actions are reasonable and prudent in the context of the emergency (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]). While it is often a jury question whether a person's reaction to an emergency was reasonable, summary resolution is possible when the individual presents sufficient evidence to support the reasonableness of his actions and there is no evidentiary showing from the opposition sufficient to raise a legitimate issue of fact on the issue (*Ward v Cox*, 38 AD3d 313, 314 [2007]).

The evidence established that the decedent's motorcycle struck the rear of the Guaman vehicle when he accelerated in order to proceed into the left lane in front of the tractor-trailer, and that he was thrown from his motorcycle into the path of the tractor-trailer. Worley was traveling in the left-most lane, adjacent to the Guaman vehicle on his right, and did not see the impact between the motorcycle and that car. He hit his brakes as soon as he saw the motorcycle airborne, but could not move left or right to avoid striking the decedent. The evidence thus showed that Worley was faced with an emergency not of his own making.

A rear-end collision with a vehicle that is slowing down establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on him to come forward with an adequate nonnegligent explanation for the accident (*see Cabrera v Rodriguez*, 72 AD3d 553 [2010]). Defendants sustained their burden of presenting prima facie evidence that the decedent's negligence was the proximate cause of the accident because he failed to maintain a safe distance between his motorcycle and the rear of the Guaman car (*see* Vehicle and Traffic Law § 1129). Plaintiff failed to rebut the presumption applicable in rear-end collisions (*cf. Tutrani v County of Suffolk*, 10 NY3d 906 [2008]).

Plaintiff failed to present evidence raising a triable issue of fact as to whether any negligence on the part of any of the defendants was a substantial factor in causing the accident. Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ. **[Prior Case History: 2009 NY Slip Op 31717(U).]**