■ Gerald Phillipps, Respondent, v New York City Transit Authority et al., Appellants. [922 NYS2d 286]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered July 9, 2010, upon a jury verdict awarding plaintiff $300,000 for past pain and suffering and $300,000 for future pain and suffering, unanimously affirmed, without costs.

The verdict was not contrary to the weight of the evidence adduced at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). In light of the unrefuted testimony of plaintiff's medical expert that a medical record entry, reflecting plaintiff's statement to hospital personnel that his injuries occurred when he fell on his back due to a sudden, violent movement of a bus he was exiting, was relevant to diagnosis and treatment, it was a proper exercise of discretion for the court to allow the entry into evidence (*see People v Ortega*, 15 NY3d 610 [2010]).

Defendants' claim that plaintiff's testimony failed to establish a prima facie case of negligence is not preserved for appellate review, since they failed to move for a directed verdict at trial (*see Rodgers v 72nd St. Assoc.*, 269 AD2d 258, 259 [2000]). In any event, plaintiff's description of the incident and the nature of his injuries was sufficient to satisfy the requirement of showing that the bus's departure caused a jerk or lurch that was unusual and violent (*see DiSalvatore v New York City Tr. Auth.*, 45 AD3d 402 [2007]; *Fonseca v Manhattan & Bronx Surface Tr. Operating Auth.*, 14 AD3d 397 [2005]).

The damages awarded do not materially deviate from what would be reasonable compensation under the circumstances (*CPLR 5501 [c]; see e.g. Morales v Heron*, 250 AD2d 408 [1998]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Renwick and Richter, JJ.