# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**578**

**CA 11-00017**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

ROBIN GODLEWSKI, AS PARENT AND NATURAL GUARDIAN
OF KRISTEN GODLEWSKI, PLAINTIFF-APPELLANT,

V                                      MEMORANDUM AND ORDER

CARTHAGE CENTRAL SCHOOL DISTRICT AND DIANE
GIBEAU, DEFENDANTS-RESPONDENTS.

---

STANLEY LAW OFFICES, LLP, SYRACUSE (PAUL STYLIANOU OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (STEPHEN W. GEBO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), dated April 8, 2010 in a personal injury action. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff, as parent and natural guardian of her daughter, commenced this action seeking damages for injuries allegedly sustained by her daughter when she fell out of her seat in a school bus owned by defendant Carthage Central School District and operated by defendant Diane Gibeau. We agree with plaintiff that Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Defendants cannot establish their entitlement to summary judgment dismissing the complaint by pointing to alleged gaps in plaintiff's proof (*see generally Orcutt v American Linen Supply Co.*, 212 AD2d 979). Even assuming, arguendo, that defendants met their initial burden on the motion, we conclude that plaintiff raised triable issues of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In opposition to the motion, plaintiff submitted, inter alia, the deposition testimony of her daughter that the bus was traveling at an unsafe speed and that the accident occurred when the bus made a sudden turn at that speed (*see DiSalvatore v New York City Tr. Auth.*, 45 AD3d 402). Further, "[a]lthough there are some inconsistencies between the affidavits submitted by plaintiff[] in opposition to the motion and [the] deposition testimony [of her daughter], we reject defendant[s'] contention under the circumstances of this case that those affidavits [and that deposition testimony] are

an attempt to raise feigned issues of fact . . . Any such inconsistencies present credibility issues to be resolved at trial" (*Dietzen v Aldi Inc. [New York]*, 57 AD3d 1514, 1514).