▪ Donna Jean Weston, Respondent, v Fidel R. Castro, Appellant. [29 NYS3d 344]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered October 2, 2014, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff injured her ankle when, while riding as a passenger in the back seat of defendant's livery cab, she claims the vehicle came to an abrupt stop. Plaintiff further claims the stop propelled her body forward, causing her right leg to jam under the front passenger seat. At her deposition, plaintiff admitted that she could not provide an account of the sequence of events culminating in the accident because she was not paying attention. Defendant moved for summary judgment, relying on the emergency doctrine, claiming that another car unexpectedly cut in front of him from the right, which required him to immediately apply his brakes to avoid a collision. We agree with the motion court that, notwithstanding defendant's present account of the accident, there are issues of fact regarding whether the stop was necessitated by an emergency that was not of defendant's own making.

The emergency doctrine will prevent a finding of negligence against a driver confronted by a sudden and unexpected situation that leaves little time for thought, deliberation or consideration, provided, however, that the driver's actions were reasonably prudent under emergent circumstances, and s/he did not create or contribute to the emergency (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001]; *Dattilo v Best Transp. Inc.*, 79 AD3d 432 [1st Dept 2010]). The existence of an emergency and reasonableness of a party's response to the situation ordinarily present questions of fact (*Green v Metropolitan Transp. Auth. Bus Co.*, 26 NY3d 1061 [2015], *revg* 127 AD3d 421 [1st Dept 2015]; *Cahoon v Frechette*, 86 AD3d 774 [3d Dept 2011]; *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2d Dept 2004]).

Defendant claims on this motion that being cut off by a car while he was traveling in the left lane of the Major Deegan Expressway constituted an emergency necessitating him to suddenly and forcefully apply his brakes. Over time, however, defendant gave varying accounts, under oath, about this accident. During an examination under oath he testified that he was driving in the left lane on the Expressway at a rate of 40-45 miles per hour in light traffic when he was cut off by car from the center lane, which forced him to apply the brakes and bring the car to a complete stop to avoid striking the offending vehicle. At his deposition, however, defendant stated that "nothing out of the ordinary happened" on the day in question

and that there had been no incident. He testified that after being cut off by a vehicle that entered his lane of travel from the right, he reacted by decelerating from about 35 to 40 miles an hour to 20 miles an hour, but that he never stopped. He explained that he only exerted moderate force on the brakes. Defendant also gave contradictory accounts about whether the force of the stop propelled plaintiff forward. In view of the discrepancies in defendant's own testimony with respect to the details of the accident, the court cannot conclude as a matter of law that there was an emergency that absolves a finding of liability against defendant at this point in the litigation (*Green*, 26 NY3d at 1062).

In addition, the parties gave conflicting accounts of the force of the stop, even disputing whether it was a stop at all, creating an issue of fact regarding whether the rapid change in speed was unusual or violent, as opposed to the commonplace "jerks and jolts" of city travel (*Fonseca v Manhattan & Bronx Surface Tr. Operating Auth.*, 14 AD3d 397, 398 [1st Dept 2005]; *Phillipps v New York City Tr. Auth.*, 83 AD3d 473 [1st Dept 2011]). Concur—Sweeny, J.P., Richter, Manzanet-Daniels and Gische, JJ.