Vanderhall v MTA Bus Co. (2018 NY Slip Op 02720)





Vanderhall v MTA Bus Co.


2018 NY Slip Op 02720


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Oing, Singh, JJ.


6338 158798/15

[*1]Joedean Vanderhall, Plaintiff-Appellant,
v
MTA Bus Company, et al., Defendants-Respondents.


Alexander J. Wulwick, New York, for appellant.
Armienti, DeBellis, Guglielmo & Rhoden, New York (Vanessa M. Corchia of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about April 10, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the cross motion denied.
Defendants failed to establish prima facie that they are entitled to summary dismissal of the complaint on the basis of the emergency doctrine (see Caristo v Sanzone, 96 NY2d 172, 174 [2001]; Weston v Castro, 138 AD3d 517 [1st Dept 2016]). Defendants contend that the driver of the bus on which plaintiff was a passenger was not negligent in braking to a sudden, hard stop that allegedly caused plaintiff to be injured, but reacted reasonably to the sudden stop of a car in front of the bus. However, the emergency doctrine is typically not available to the rear driver in a rear-end collision, who is responsible for maintaining a safe distance (Jacobellis v New York State Thruway Auth., 51 AD3d 976, 977 [2d Dept 2008]). The bus driver's affidavit demonstrates that he was confronted with a "common traffic occurrence" when the vehicle in front of the bus stopped short (Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728, 729 [2d Dept 2012]). A factfinder could reasonably conclude that the bus driver was negligent in failing to maintain a safe distance between the bus and the car in front of it (see Vehicle and Traffic Law § 1129[a]) and that his own conduct caused or contributed to the emergency situation (see Caristo, 96 NY2d at 174). Contrary to defendants' contention, a violation of Vehicle and Traffic Law § 1129(a) may be found even where there was no collision (Darmento v Pacific Molasses Co., 81 NY2d 985 [1993]; see e.g. Lowhar-Lewis, 97 AD3d 728).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK