Kaplan v Tsirlin (2018 NY Slip Op 06187)





Kaplan v Tsirlin


2018 NY Slip Op 06187


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


7138 159584/13

[*1]Paul W. Kaplan, et al., Plaintiffs-Respondents,
v
Anatoliy Tsirlin, et al., Defendants, Priory Cab Corp., et al., Defendants-Appellants.


Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn (Robert D. Grace of counsel), for appellants.
Mitchell Dranow, Sea Cliff, for respondents.



Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered on or about July 1, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on the issue of liability as against defendants Priory Cab Corp. and Sonam Tenzin, unanimously reversed, on the law, without costs, and the motion denied.
In this action arising from a three-car accident, defendant Tenzin testified that defendant Hoque's taxi suddenly cut into his lane of traffic and, although Tenzin honked and turned left, the Hoque taxi hit the front of his taxi. According to Tenzin, Hoque then returned to the middle lane but lost control of his vehicle, swerved and re-entered Tenzin's lane of traffic sideways. Tenzin honked, braked, and moved to the left of his lane, but was unable to avoid hitting the side of Hoque's taxi. Defendant Tsirlin testified that the rear of Hoque's sideways taxi hit the side of his vehicle in the middle lane, but he was unsure about the sequence of events before that. The injured plaintiff was a passenger in Hoque's taxi and did not see how the accident occurred.
In view of the foregoing, the court properly found that plaintiffs established the injured plaintiff's lack of culpability as a matter of law (see Oluwatayo v Dulinayan, 142 AD3d 113 [1st Dept 2016]; Mello v Narco Cab Corp., 105 AD3d 634 [1st Dept 2013]). However, the court erred in finding that the record also established the Tenzin defendants' liability as a matter of law. While plaintiffs contend that Tenzin's failure to notice Hoque's vehicle in the adjoining lane before the accident was negligent, the record as a whole presents triable issues as to whether Tenzin acted reasonably in reaction to a sudden emergency presented by Hoque's vehicle unexpectedly cutting into
his lane (see Maisonet v Roman, 139 AD3d 121 [1st Dept 2016], appeal dismissed 27 NY3d 1062 [2016]; Weston v Castro, 138 AD3d 517 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK