Perez v Murray (2020 NY Slip Op 03450)





Perez v Murray


2020 NY Slip Op 03450


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Acosta, P.J., Richter, Mazzarelli, Webber, González, JJ.


11656 24311/16E

[*1] Rosalie Perez, Plaintiff-Appellant,
v
Sharon J. Murray, et al., Defendants, Jeffrey M. DeMartino, Defendant-Respondent.


Buzin & Berman, P.C., New York (Heath T. Buzin of counsel), for appellant.
Burke, Conway & Stiefeld, White Plains (Sami P. Nasser of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about November 8, 2019, which granted the motion of defendant Jeffrey M. DeMartino for summary judgment dismissing the complaint and all cross claims as against him, unanimously affirmed, without costs.
Defendant established prima facie entitlement to judgment as a matter of law in this action for personal injuries arising from a motor vehicle accident involving four vehicles. It is undisputed that defendant's vehicle never made contact with plaintiff's vehicle. Defendant submitted evidence showing that he was confronted with an emergency not of his making. Defendant's evidence showed that he acted reasonably and prudently by activating his brakes and attempting to move his vehicle to the left upon observing codefendant Houston's vehicle suddenly entering his lane of travel, but losing control of his vehicle after the impact (see Dattilo v Best Transp. Inc., 79 AD3d 432, 433 [1st Dept 2010]; Coleman v Maclas, 61 AD3d 569, 569-570 [1st Dept 2009]).
In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's claim that defendant failed to maintain a proper lookout or use due care while operating his vehicle before Houston suddenly attempted to enter his lane of travel is speculative. Plaintiff testified that she did not witness the accident and failed to submit an affidavit from anyone who did witness the accident (see Mack v Seabrook, 161 AD3d 704, 705 [1st Dept 2018], lv denied 32 NY3d 915 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK