Kwipu v Sontag (2022 NY Slip Op 02067)





Kwipu v Sontag


2022 NY Slip Op 02067


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Index No. 30261/18E Appeal No. 15596 Case No. 2021-03595 

[*1]Neomy-Miny Kwipu, Plaintiff,
v
Howard Sontag and Gary Topche as Executors of the Estate of Leonard Weisman, Defendants.


Camacho Mauro Mulholland, LLP, New York (Kathleen M. Mulholland of counsel), for appellant.
Anthony V. Gentile, Brooklyn, for respondent.



Order, Supreme Court, Bronx County (Veronica Hummel, J.), entered May 7, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability and dismissing the affirmative defenses of assumption of the risk, contributory negligence, culpable conduct, and unanticipated emergency, unanimously affirmed, without costs.
Plaintiff established prima facie that her injuries were proximately caused when defendant decedents' car, which was left unattended, rolled out of a gas station and onto the sidewalk, where it struck plaintiff, a pedestrian, from behind. Although defendant decedent testified that he was parked on a flat surface, plaintiff's experts opined that the gas station parking lot was on a 5% grade incline. This discrepancy is of no moment, as defendant decedent testified that he left his car unattended, in neutral, without engaging the parking brake. This testimony clearly established that defendant decedent was negligent in failing to secure the unattended vehicle to prevent it from moving (see Franco v City of New York, 168 AD3d 543 [1st Dept 2019]; Vehicle & Traffic Law § 1210[a]). In opposition, defendants failed to raise an issue of fact.
Defendants also failed to raise an issue of fact as to any of the affirmative defenses. They submitted no evidence that plaintiff engaged in any culpable conduct or that any such conduct played a part in the accident or that by walking on the sidewalk plaintiff assumed the risk of being struck from behind by a car. As to the emergency doctrine, defendants submitted no evidence that the events that gave rise to the accident were not of the decedent's own making (see Stewart v Ellison, 28 AD3d 252, 254 [1st Dept 2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022