Cox v Seniorcare Emergency Med. Servs., Inc. (2024 NY Slip Op 04806)

Cox v Seniorcare Emergency Med. Servs., Inc.

2024 NY Slip Op 04806

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Index No. 808307/21 Appeal No. 2680 Case No. 2024-02072 

[*1]Thomas P. Cox, Jr., Plaintiff-Respondent.
v
Seniorcare Emergency Medical Services, Inc., et al., Defendants-Appellants,

Gallo Vitucci Klar LLP, New York (Monica Bonilla Romero of counsel), for appellants.
Rosner Russo Shahabian PLLC, Farmingdale (Evelyn F. Sohi of counsel), for respondent.

Order, Supreme Court, Bronx County (Patsy Gouldborne, J.), entered on or about March 22, 2024, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This action for personal injuries arises from a motor vehicle accident. Plaintiff was in the process of making an illegal U-turn when defendant Leonard Marquez, who was driving a vehicle belonging to defendant SeniorCare Emergency Medical Services, collided with plaintiff's car. Marquez conceded that immediately before the collision, he was driving over the speed limit.
The emergency doctrine prevents a finding of negligence against a driver confronted by a sudden and unexpected situation that leaves little time for thought, deliberation, or consideration. However, for the doctrine to apply, the driver's actions must have been reasonably prudent under emergent circumstances, and the driver must not have created or contributed to the emergency (Weston v Castro, 138 AD3d 517, 518 [1st Dept 2016]).
Defendants did not establish their entitlement to summary judgment, as the record presents triable issues of fact as to whether they may rely on the emergency doctrine (see Stewart v Ellison, 28 AD3d 252, 254 [1st Dept 2006]). Defendants failed to make a prima facie showing that plaintiff's maneuver on the highway was the sole proximate cause of the collision and that Marquez was free from negligence as a matter of law (see Renwick v Mitchell, 221 AD3d 514, 514 [1st Dept 2023]). Given the evidence showing that Marquez was driving over the speed limit, and given his contradictory testimony regarding the position of plaintiff's car on the shoulder of the highway, the record does not eliminate the possibility that his actions may have contributed to the collision (see Weston, 138 AD3d at 518).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024